## MILLER v. WHITNEY GLASS WORKS.

(Circuit Court, D. New Jersey. April 6, 1908.)

PATENTS—SUIT FOR INFRINGEMENT—ESTOPPEL.

Defendant purchased from complainant and his associates in business four machines, manufactured by them and designed by complainant. Before doing so it asked for a guaranty that the machines were not infringements of any patent, and in reply received a letter from the makers, writ-

ten by one of complainant's associates in the business, assuring it that they were constructed entirely on the principles covered by certain expired patents, and that there was no danger that they infringed other patents. After receiving the machines, defendant constructed and used another substantially like them. After the sale was made, and three of the machines had been delivered and installed, complainant applied for and subsequently obtained a patent thereon. *Held*, that complainant was not entitled to maintain a suit in equity for infringement on account of the use by defendant of the machine it constructed, at least before notice to defendant of the infringement, nor without proof that it was used after such notice.

In Equity. Suit for infringement of patent. On final hearing.

S. D. Oliphant, Jr., and George M. Finckel, for complainant.

Vroom, Dickinson & Scammell and Francis T. Chambers, for defendant.

CROSS, District Judge. The patent involved in this suit is No. 787,050, for a glass-molding machine, which was issued to the complainant April 11, 1905. The bill of complaint is in the usual form and calls for an answer without oath. Answer and replication were thereupon filed, and in due course the plaintiff took testimony in support of his bill. The defendant, however, submitted no proofs, and the cause is now before the court upon final hearing.

Upon the facts disclosed, I think that the complainant is not entitled to relief. In August, 1903, the defendant corresponded with the manufacturers of the machine, which was subsequently the subject of the patent in suit, in respect of the purchase of one or more of them, and in the course of that correspondence received of one R. J. Beatty a letter of which the following is a copy:

"Federal Glass Company, Columbus, Ohio.

"August 19th, /03.

"Whitney Glass Works, Glassboro, N. J.—Gentlemen: Replying to yours of 17th would say that there is no occasion for any guaranty in regard to the use of the Miller machines. They are constructed entirely on the principles covered by the Arbugast, Windmill and Rylands patents, which have all expired and do not in any way conflict with any other patents. The Atlas Glass Co. spent over $40,000.00 in finding out that these patents were dead issues, and the courts have settled this issue; the case having gone through the Court of Appeals and then to the Supreme Court of the U. S., all three concurring. It seems to me that their decisions are all the guaranty that is needed. Miller has combined these three patents in the simplest and most durable type of a machine, which is, I feel certain, the best that has been gotten out. If you see the machine in operation you will like it.

"Yrs. &c.    [Signed]    R. J. Beatty."

The complainant admits that Beatty, the writer of the above letter, was associated with him when he first began to manufacture machines like that disclosed in the patent. After the receipt of the letter, the complainant and his associates sold four machines to the defendant, and to the Gayner Glass Works of Salem, N. J., which corporations, according to the testimony, were one and the same. The complainant testifies that these machines were installed in the plants of said companies as follows: The first on January 2, 1904, at the Gayner Glass Works; the second on April 20, 1904, at the same place; the third January 2, 1905, at the same place; and the fourth at the works of

the defendant company at Glassboro, November 12, 1904. It appears, therefore, that four machines were sold to the defendant and its associate company prior to the issue of the patent in suit, and that of these three were sold prior to December 6, 1904, the date when the application for the patent was filed. Complainant testified that he did not authorize the writing of the above-mentioned letter, and did not know that it had been written; but, as above stated, he admitted that the person who signed it was associated with him in the manufacture of the machines, as he evidently was in their sale.

It is admitted that the defendant made and used in its plant one machine substantially like those which it had bought of the complainant and his associate manufacturers. That this machine was manufactured and used by the defendant, is, however, clearly attributable, in my judgment, to the misleading statements contained in the above letter. It would appear therefrom that the defendant thought the machines it was proposing to buy might be patented, and accordingly sought protection in their use, and in reply to its inquiry upon that point it was informed that the machines were constructed entirely upon the principles of expired patents and that therefore no guaranty was necessary. There is no evidence whatever to show that the defendant then knew, or was at any time informed, of any pending or intended application for a patent by the complainant; nor is it pretended that the machines sold were marked, either "Patent applied for" or otherwise, in such manner as to put the defendant upon inquiry. The defendant was completely lulled to sleep by the complainant, through his associate and agent, and the complainant had no cause of complaint, at least until after he had given actual notice to the defendant of his patent; and it is not pretended that any such notice was given until about the middle of August, 1905. When such notice was received by the defendant, it replied, admitting in effect that it had made and used a machine like the complainant's without knowing that it was patented, and asking what royalty the complainant demanded for the machine. The evidence discloses nothing of the relationship of the parties between the time of this reply and the commencement of this suit.

The complainant is in the position of having led the defendant to believe that the machines which it purchased were not only not subject to the claims of any live patents, but, on the contrary, that in their manufacture he had availed himself solely of principles disclosed in expired patents. The defendant relied upon these representations when it purchased the machines, and when subsequently for its own use it constructed a machine like them. Under the circumstances the complainant will not, as to this defendant, be permitted to stand upon the constructive notice which followed the issue of his patent. This defendant is entitled to more. If the information which the complainant gave had been true, the defendant was not only amply protected in the use of the machines it had purchased, but, in the absence of contract, had a right to copy them when and as often as it pleased. To base the decision of this case merely upon constructive notice by the defendant arising upon issue of the complainant's patent would work a great wrong. The defendant was placed in a position by the com-

plainant where it was at least entitled to actual notice of his patent before it could be justly treated as an infringer thereof, and, indeed, as to this machine, it is an open question whether the defendant ought to be enjoined from using it, even after actual notice of the complainant's patent, or, in other words, whether the complainant, by his own conduct, has not equitably estopped himself from asking to have the use of this machine enjoined. This question, however, need not now be decided, since there is no evidence in the case of use or threat to use the machine after actual notice to the defendant, and certainly its mere possession under the circumstances cannot be considered a threat to use.

The answer denies that the defendant since the receipt of said notice has "at all or in any way used the said alleged infringing machine, nor has it sold the same or made any disposition thereof, but that since the receipt of said notice it has held the machine in its possession without any use thereof, of any kind or in any manner"; and the complainant has shown nothing to the contrary. The burden of proof was clearly upon the complainant to show that the defendant had violated its rights after notice, and the mere fact that the machine, built under the circumstances it was, still remains in its possession, in the absence of clear proof of use or threat to use, does not warrant this court in awarding the relief prayed for in the bill of complaint.

The bill will be dismissed, with costs.