SUPERIOR DRILL CO. et al. v. LA CROSSE PLOW CO.

(Circuit Court of Appeals, Seventh Circuit. January 19, 1909.)

No. 1,494.

PATENTS (§ 328*)—INFRINGEMENT—GRAIN DRILLS.
    The Packham patent, No. 557,868, for an improvement in grain drills, construed, and *held* not infringed.
    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Western District of Wisconsin.

For opinion below, see 160 Fed. 504.

The decree appealed from dismisses the bill for want of equity. The bill is to restrain infringement of Letters Patent No. 557,868, issued April 7th, 1896, to Frank R. Packham, for an improvement in Furrow Openers for Seeding Machines. Figures 1 and 5 of the drawings are as follows:

The difficulty in furrow opening that the patent was intended to overcome, and the means used to overcome it, are set forth in the patent as follows:

"I have discovered in practice that the seeds which are distributed through said conduit are frequently diverted from the furrow after they leave the lower end of the conduit by means of the stubble which would be bent down by the passage of the disk or the supporting-frame therefor, and when released would fly back and strike the dropping grain, and thus distribute it over a larger territory than was intended. To overcome this and to further provide a shield to prevent the land side of the furrow from caving in until the grain

has been deposited therein, I have provided the frame b with an extension b³, which extends downwardly in front of and below the end of the conduit b', following substantially the line of the furrow-opening disk. This shield or extension b³ lies wholly within a line drawn parallel with the drag-bar and passing tangent to the front or furrow-opening edge of the disk, so that under ordinary circumstances it stands wholly within the furrow, as indicated by the line x x in Fig. 5."

The claims sued upon are as follows:

"1. A furrow opener consisting essentially of a frame or support having a conduit therein, a disk journaled on a suitable trunnion on said frame or support which is located in front of the conduit, said frame or support being provided with an extended portion which projects below the lower end of the conduit and in front of the same, said extension being formed at the front to conform to the shape of the side of the disk adjacent to which it is adapted to lie, substantially as specified.

"2. The combination with the frame having a conduit therein, and a furrow opening disk journaled at an angle on the frame, of a guide or shield extending below the end of the conduit and in front of the same, said shield being located within the angle of the furrow opening disk so as to stand wholly within the furrow, substantially as specified.

"3. The combination with the supporting frame having a conduit therein, and a disk journaled on said frame at an angle to the line of draft, as described, of a downwardly projecting shield in front of and below the conduit, said shield being curved at the front so as to lie adjacent to the disk, and being placed wholly within the path of said disk, so as to extend within the furrow formed thereby, substantially as specified."

Other patents cited are as follows:

No. 659,881, Oct. 16, 1900, W. A. Van Brunt.
No. 6,996, Jan. 8, 1850, W. Bullock.
No. 12,895, May 22, 1855, L. W. Colver.
No. 18,698, Nov. 24, 1857, J. Lee.
No. 21,349, Aug. 31, 1858, McCormick & Baker.
No. 37,753, Feb. 24, 1863, G. D. Haworth.
No. 44,725, Oct. 18, 1864, G. D: Haworth.
No. 44,810, Oct. 25, 1864, R. McCorkell.
No. 59,638, Nov. 13, 1866, C. Patton.
No. 100,032, Feb. 22, 1870, G. D. Haworth.
No. 161,445, March 30, 1875, I. B. Sandusky.
No. 191,054, May 22, 1877, J. L. Hill.
No. 197,551, Nov. 27, 1877, G. D. Haworth.
No. 222,042, Nov. 25, 1879, G. D. Haworth.
No. 235,029, Nov. 30, 1880, J. D. Shrigley.
No. 272,228, Feb. 13, 1883, Frakes & Reiners.
No. 277,982, May 22, 1883, A. Bradford.
No. 312,791, Feb. 24, 1885, W. D. Arnett.
No. 321,273, June 30, 1885, H. C. Beebe.
No. 325,512, Sept. 1, 1885, W. P. Elam.
No. 331,753, Dec. 8, 1885, W. D. Arnett.
No. 337,543, March 9, 1886, M. Wonser.
No. 340,190, April 20, 1886, H. C. Beebe.
No. 345,403, July 13, 1886, W. D. Arnett.
No. 347,863, Aug. 24, 1886, H. C. Beebe.
No. 347,982, Aug. 24, 1886, W. D. Arnett.
No. 354,163, Dec. 14, 1886, D. E. McSherry.
No. 358,246, Feb. 22, 1887, W. D. Arnett.
No. 358,248, Feb. 22, 1887, W. D. Arnett.
No. 359,832, March 22, 1887, W. D. Arnett.
No. 386,484, July 24, 1888, A. C. McClelland.
No. 443,643, Dec. 30, 1890, Fuller & Lee.
No. 446,230, Feb. 10, 1891, W. F. Hoyt.
No. 448,349, March 17, 1891, J. M. King.
No. 448,943, March 24, 1891, C. H. & H. L. Dooley.
No. 460,366, Sept. 29, 1891, R. B. Snell.

No. 465,220, Dec. 15, 1891, Steinke & Propst.
No. 476,056, May 31, 1892, A. Matson.
No. 486,035, Nov. 8, 1892, Fuller & Lee.
No. 488,846, Dec. 27, 1892, Snell & Smith.
No. 489,353, Jan. 3, 1893, W. Webster.
No. 495,120, April 11, 1893, G. W. Packer.
No. 496,782, May 2, 1893, M. S. Henry.
No. 497,864, May 23, 1893, Christman & Munn.
No. 500,725, July 4, 1893, J. A. M. Tyler.
No. 502,832, Aug. 8, 1893, W. G. Sayr.
No. 527,621, Oct. 16, 1894, F. R. Packham.
No. 530,962, Dec. 18, 1894, F. R. Packham.
No. 534,305, Feb. 19, 1895, G. W. Tucker.
No. 535,544, March 12, 1895, W. A. Lee.
No. 540,758, June 11, 1895, C. H. Pelton.
No. 573,416, Dec. 15, 1896, J. M. King.
No. 578,941, March 16, 1897, F. R. Packham.
No. 586,107, July 13, 1897, F. R. Packham.
No. 591,354, Oct. 5, 1897, S. II. Jones.
No. 601,477, March 29, 1898, F. R. Packham.
No. 659,880, Oct. 16, 1900, W. A. Van Brunt.
No. 659,881, Oct. 16, 1900, W. A. Van Brunt.
No. 711,626, Oct. 21, 1902, Heath & Baseman.
No. 717,155, Dec. 30, 1902, E. Baseman.
No. 718,513, Jan. 13, 1903, F. R. Packham.
No. 830,644, Sept. 11, 1906, F. E. Davis.
No. 830,645, Sept. 11, 1906, F. E. Davis.
Canadian Patent, Sept. 9, 1890, Thomas J. McBride.
Canadian Patent No. 45,090, Aug. 10, 1893, W. A. Sims.
The appellee's device (the alleged infringing device) is shown in the following drawing:

Further facts are stated in the opinion.

Paul A. Staley and Border Bowman, for appellants.
Fred Gerlach and George Fisher, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts as above). Patent No. 557,868 was intended to be an improvement, specifically, on patent No. 527,621 issued October 16th, 1894, to the same patentee—a furrow opener operating with a single disk running at an angle to the line of the draft, the purpose of which arrangement was to dig open the furrow, throwing out the dirt by the revolution of the disk, instead of wedging the furrow apart by impaction, as was done by furrow

openers in common use employing the shoe, double disk, and mould-board devices.

The earlier patent (No. 527,621) was in every respect the later patent, illustrated in figure 1 above, except that it omitted shield B. 3, leaving the grain to be dropped through the open air from the conduit, ending at the axis of the disk, into the furrow.

The conduit of the earlier patent, or one side thereof, was formed at an agle in the nature of a chute, having an angularity approximating the angularity of the side of the disk; the function being to so direct the grain into the furrow opened by the disk, and in the rear of the center thereof, that the seeds to be dropped would be scattered along the furrow, instead of being dropped in piles—the function, indeed, that differentiated the earlier Packham patent from the prior art; for furrow opening by means of disks, set at an angle to the line of the draft, was in the prior art.

But it was found in practice that without a deflecting shield, such as the later patent (the one sued upon), added to the earlier patent, the seeds would for one reason and another, scatter too widely, and the whole purpose of the patent sued upon was that it should co-operate with the disk of the earlier patent in deflecting the seed so as to prevent the scattering of the seed. This purpose is well stated by Judge Wanty in Dowagiac Mfg. Co. v. Superior Drill Co., 115 Fed. 886, 53 C. C. A. 36, as follows:

"The co-operation accomplished by this protecting device (the shield) which is located below and in front of the conduit and wholly within the furrow and is shaped in front so as to conform to the side of the disk, had never before been accomplished. By this construction the disk opens, and the shield prevents the obstructing of the furrow until the grain is deposited, and it tends to deflect the grain against the revolving disk, and scatter it in the furrow. The spout ends where the shield or guard begins; but with the revolving disk and shield the grain finds its way to the bottom of the furrow scattered in the center more thoroughly than it could be if it was conducted there by the spout, instead of falling against the disk and shield. Although the spout, disk and shield in different form are found in the prior art, there was no such combination as is effected by this patent."

This indeed states the gist of the patent, and also marks the limit of the patent—just the departure from the previous art that enabled the Court of Appeals for the Sixth Circuit to sustain the validity of the patent. Dowagiac Mfg. Co. v. Superior Drill Co., supra.

The appellee's device (the alleged infringing device), shown in the drawing in the statement of facts, closely follows, in some respects, the Packham earlier patent; but as that patent is not sued upon, no question of infringement of that patent is raised. It omits, however, the arrangement whereby the grain is delivered against the side of the disk, as in the earlier Packham patent, as also the co-operating advantage of the shield added by the later Packham patent, by delivering the grain to the furrow through a conduit. And in so departing from the Packham devices, it departs from those features of those devices upon which their validity is sustained. There is nothing, therefore, that the Circuit Court could have done, in view of these limitations, other than to have dismissed the bill, as it did.

The decree of the Circuit Court is affirmed.