## VAN BRUNT v. LA CROSSE PLOW CO.

(Circuit Court of Appeals, Seventh Circuit. January 19, 1909.)

No. 1,495.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—GRAIN DRILLS.

The Van Brunt patent, No. 659,881, for an improvement in grain drills, in so far as it covers a blade attached to the toe of the boot to act as a scraper of the disk, was not anticipated and discloses invention; also *held* infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Western District of Wisconsin.

For opinion below, see 160 Fed. 504.

The decree appealed from was one dismissing the bill for want of equity. The bill is to restrain infringement of Letters Patent No. 659,881, issued October 16, 1900, to Willard A. Van Brunt, for improvement in grain drills. Figure 8 of the drawings—the only one that need be reproduced—is as follows:

Appellee's device (the alleged infringing device) so far as it relates to figure 8 above, is shown in the following drawing:

The claims sued upon are as follows:

"1. The combination with a boot, of an arm projecting forwardly and downwardly from the upper portion of said boot and offset laterally therefrom, and a disk mounted at the end of said arm, so as to be disposed between the arm and the boot.

"2. The combination with a boot, of an arm projecting forwardly and downwardly from the upper portion of said boot and offset laterally therefrom, and a disk mounted at the end of said arm, so as to be disposed between the arm and the boot and a scraper attached to said arm and engaging the concave face of the disk.

"3. The combination with a concavo-convex disk and a boot disposed adjacent to the convex face of the disk, of an arm projecting forwardly and downwardly from the upper portion of the boot and offset therefrom, so as to be disposed adjacent to the concave face of the disk, a bearing for the disk at the end of said arm, and a scraper for the convex face of the disk secured to the toe of the boot.

"4. The combination with a boot, an arm projecting therefrom, a concavo-convex disk and a bearing for said disk at the end of the arm, of a scraper carried by said arm and engaging the concave face of the disk, and a scraper secured to the boot and engaging the convex face of the disk.

"5. The combination with a boot, and a disk disposed to one side and having its bearing forwardly of the boot, of a scraper secured to the toe of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

boot and projecting forwardly and upwardly therefrom and in engagement with the convex face of the disk."

Other patents cited are as follows:

No. 557,868, April 7, 1896, F. R. Packham.
No. 12,895, May 22, 1855, L. W. Colver.
No. 37,753, Feb. 24, 1863, G. D. Haworth.
No. 44,810, Oct. 25, 1864, R. McCorkell.
No. 61,903, Feb. 5, 1867, Wheeler & Tuttle.
No. 137,026, March 18, 1873, S. G. Randall.
No. 161,445, March 30, 1875, I. B. Sandusky.
No. 197,551, Nov. 27, 1877, G. D. Haworth.
No. 212,669, Feb. 25, 1879, E. Emmert.
No. 222,042, Nov. 25, 1879, G. D. Haworth.
No. 235,029, Nov. 30, 1880, J. D. Shrigley.
No. 237,001, Jan. 25, 1881, Elam & Boggs.
No. 237,278, Feb. 1, 1881, C. J. Hoflund.
No. 272,228, Feb. 13, 1883, Frakes & Reiners.
No. 354,163, Dec. 14, 1886, D. E. McSherry.
No. 358,248, Feb. 22, 1887, W. D. Arnett.
No. 386,484, July 24, 1888, A. C. McClelland.
No. 406,147, July 2, 1889, Rogers & Kennedy.
No. 443,643, Dec. 30, 1890, Fuller & Lee.
No. 448,943, March 24, 1891, C. H. & H. L. Dooley.
No. 465,220, Dec. 15, 1891, Steinke & Propst.
No. 486,035, Nov. 8, 1892, Fuller & Lee.
No. 489,353, Jan. 3, 1893, W. Webster.
No. 495,120, April 11, 1893, G. W. Packer.
No. 500,725, July 4, 1893, J. A. M. Tyler.
No. 535,544, March 12, 1895, W. A. Lee.
No. 540,758, June 11, 1895, G. W. Pelton.
No. 573,416, Dec. 15, 1896, J. M. King.
No. 591,354, Oct. 5, 1897, S. H. Jones.
No. 601,477, March 29, 1898, F. R. Packham.
No. 602,827, April 26, 1898, E. Christman et al.
No. 603,863, May 10, 1898, W. Stephenson.
No. 605,348, June 7, 1898, W. W. Schultz.
No. 607,914, July 26, 1898, E. Christman.
No. 612,602, Oct. 18, 1898, H. B. Cease.
No. 659,880, Oct. 16, 1900, W. A. Van Brunt.
No. 659,881, Oct. 16, 1900, W. A. Van Brunt.
No. 769,202, Sept. 6, 1904, W. A. Van Brunt.
No. 830,644, Sept. 11, 1906, F. E. Davis.
No. 830,645, Sept. 11, 1906, F. E. Davis.
Canadian Patent, Sept. 9, 1890, T. J. McBride.
The further facts are stated in the opinion.

Paul A. Staley and Border Bowman, for appellant.
Fred Gerlach and George P. Fisher, Jr., for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts as above). Both the patent sued upon, and the alleged infringing device, are drills of the type having a single disk running at an angle to the line of draft, the purpose of which is to dig open the furrow, and by the revolution of the disk to throw out the dirt—the shield and the disk holding the furrow open until the seed is deposited—instead of wedging it apart by impaction through the means of a shoe, double disk, or mould board. We have just decided (Superior Drill Co. v. La Crosse Plow Co. 168 Fed. 923) that drills of this general type were old in the art, the particular co-operating function of the disk, and the shield in

delivering the seed to the furrow, being the inventive idea in the Packham patent.

Apart from the employment of a blade acting distinctively as a scraper of the disk, and attached to the toe of the boot, we agree with the Circuit Court that the Van Brunt patent constitutes a "so highly specialized combination" that the La Crosse device cannot be held to be an infringement. The reasons for this view are satisfactorily set forth in the opinion of the Circuit Court. 160 Fed. 504.

But we cannot agree with the Circuit Court that the idea of attaching a blade acting as a scraper to the toe of the boot, was anticipated in any prior patent. The patents cited in the opinion as proof of this statement, are the Colver patent, No. 12,895, and the Christman patent, No. 602,827; and at the argument it was urged upon us that though the Webster patent (No. 489,353) on its .face did not distinctively show such a scraper, such a scraper was actually employed by Webster in subsequent exhibitions of his device.

A careful examination of the proof fails to convince us with that clearness and certainty that the law requires in cases where prior use alone is alleged, that Webster ever employed his "cutter" as a scraper, and our understanding of his patent, as well as that of Colver and Christman, and other patents cited on that point is, that the part in the Webster patent called the "cutter" and in the Colver patent the "peculiarly shaped sword or divider" are in fact "cutters" or "dividers" as distinguished from "scrapers," that is to say, their function is to cut or divide the earth in co-operation with the disk, and in no substantial way operate as a scraper of the disk—a purpose and function that in no way anticipates the Van Brunt scraper simply because, by adjustment, it may be made to act as a scraper. And the so-called "scraper" in the Christman patent is so widely different from the Van Brunt scraper, both in the point of its adjustment, and the manner in which it operates, that it cannot be held to be an anticipation.

Now it is just this blade in the Van Brunt patent, acting as a "scraper," and made capable of such action by the manner of its attachment to the toe of the boot, that gives to the Van Brunt device a method of overcoming difficulties encountered in the sticky soil of the northwest that has made the Van Brunt device a new and valuable contribution to grain seeders—the value of the contribution being shown by the way in which appellee has exactly copied it in its device.

To the extent, therefore, that appellee is using the Van Brunt scraper, its device is an infringement of the combination claimed in the Van Brunt patent, and so the decree below is reversed with instructions to enter a decree in accordance with this opinion.